UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ERIC WALLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **MICHELS PIPELINE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Eric Wallace ("Wallace"), by counsel, against Defendant Michels Pipeline, Inc. ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §2000e *et. Seq*., the Americans with Disabilities Act of 1990 ("ADA"), as amended 42 U.S.C. §12101 *et. seq*.; and for wrongful termination/retaliatory discharge for filing a worker's compensation claim in violation of Tennessee common law and public policy.

## II. PARTIES

2. Wallace is a resident of Clarke County, Mississippi, who resided at all relevant times to this action, resided within the geographical boundaries of the Southern District of Mississippi.

3. Defendant maintains offices and routinely conducts business in Fentress County, Tennessee.

4. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this court.

## III. JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e5(f) and 42 U.S.C. §12117.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5) and 42 U.S.C. §2000e(b).

7. Wallace was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

8. Wallace is an individual with a "disability" as that term is defined by 42 U.S.C. §12102(2). Defendant was aware of Wallace's disability and/or regarded him as a disabled individual and/or the Defendant has a written record of Wallace's disability.

9. Wallace satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No. 494-2026-03101) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging race discrimination, disability discrimination, and retaliation for engaging in a protected activity. Wallace received his Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

11. Wallace was hired by Defendant on or around February 2026 as a Pipe Fitter/Welder Helper. Wallace was working for the Defendant on-site in Clarkrange, Tennessee.

12. At all relevant times, Wallace met or exceeded Defendant's legitimate performance expectations.

13. Wallace is an African American male.

14. On or around March 16, 2026, Wallace fell off of a ladder at work and landed on his shoulder.

15. Wallace reported the injury to Foreman Shannon Jackson ("Jackson") Caucasian, but Jackson brushed it off.

16. On or around March 30, 2026, Wallace hurt himself again when a drill kicked back onto his already hurt wrist.

17. Wallace reported the injury to the Superintendent and Union Steward. Foreman Jackson told Wallace to "stop acting like a little girl". Wallace responded with frustration, indicating that he felt as if he was not getting help due to his race.

18. Jackson stated that he "has a lot of colored friends". Wallace pushed back at the use of the word "colored" to which Jackson then responded, "Colored, black, whatever it's the same thing".

19. The following day, on or around April 1, 2026, Wallace had a death in the family and notified his supervisor and steward about the death.

20. On or around April 3, 2026, Wallace reported the injury to safety and inquired into workers compensation as his wrist was still in pain.

21. Wallace was instructed to hold off filing workers' compensation and was instructed to go see a doctor for medical attention.

22. While at the doctor's office, the safety officer, Geremy Gwalchmai ("Gwalchmai") Caucasian, told Wallace to say that the incident happened at home and gave him $300 to cover the cost of the appointment. Wallace agreed out of fear of termination.

23. Wallace returned the unused money for the appointment back to the Gwalchmai.

24. After returning to the worksite, Wallace sat in the safety office and awaited instructions. Wallace requested to leave a little early after returning in order to attend the funeral for his family member.

25. Wallace texted his Steward, Chris Huber ("Huber") Caucasian, about leaving early for the funeral to which Huber responded, "I'm going to block your number".

26. Huber continued to harass Wallace about leaving for the funeral. Wallace engaged in a protected activity and stated that he feels as if leaving early is only an issue because of his race to which Huber responded, "Oh you're going to play the race card".

27. Wallace additionally notified Foreman Jackson about leaving for the funeral. Jackson requested Wallace return to work with the obituary.

28. On or around April 7, 2026, Wallace returned to work with the obituary and was terminated.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I: TITLE VII – RACE DISCRIMINATION</u>

29. Wallace hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

30. Wallace is an African American.

31. Defendant discriminated against Wallace by subjecting him to disparate treatment and terms of employment, failing to engage in interactive conversations to address his complaint, and terminating Wallace's employment due to his race.

32. Defendant's actions were intentional, willful, and in reckless disregard of Wallace's rights as protected by Title VII.

33. Wallace has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII - RETALIATION

34. Wallace hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

35. Wallace engaged in a protected activity when he complained of race discrimination.

36. Defendant retaliated against Wallace for engaging in a protected activity by terminating his employment.

37. Defendant's actions were intentional, willful, and taken in reckless disregard for Wallace's rights as protected by Title VII.

38. Wallace has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: ADA - DISABILITY DISCRIMINATION

1. Wallace hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

2. Defendant violated Wallace's rights as protected by the ADA, by discriminating against him and terminating his employment due to his disability.

3. Defendant's actions were willful, intentional, and done with reckless disregard for Wallace's rights as protected by the ADA.

4. Wallace has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: VIOLATION OF TENNESSEE COMMON LAW – RETALIATORY DISCHARGE

5. Wallace hereby incorporates paragraph one (1) through thirty-five (35) of his Complaint as if the same were set forth at length herein.

6. Plaintiff suffered a work-related injury and thereafter attempted to filed a claim to receive workers' compensation benefits in accordance with his statutory rights pursuant to Tenn. Code Ann. § 50-6-101 *et seq*.

7. Defendant retaliated against Plaintiff for his pursuit of workers' compensation benefits by instructing Wallace not to apply and subsequently terminating his employment.

8. Plaintiff's claim for workers' compensation benefits was a substantial motivating factor in Defendant's decision to terminate Plaintiff's employment.

9. Defendant's actions are in violation of Tennessee common law and public policy.

10. Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's rights.

11. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHISEFORE**, Plaintiff, Eric Wallace, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee based on their race, disability, and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to his previous position with corresponding seniority or award front pay in lieu thereof;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for Defendant's violations of Title VII of the Civil Rights Act of 1964, the ADA, and Tennessee state law;

6. Punitive damages for Defendant's violations of Title VII of the Civil Rights Act of 1964, the ADA, and Tennessee state law;

7. All costs and attorney's fees incurred as a result of brining this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker, TN BPR No.: 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Office: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Eric Wallace, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker, TN BPR No.: 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Office: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*